May Term, 1861.

THE BOARD OF COMMISSIONERS OF WABASH COUNTY *v.* SIVEY.

THE BOARD OF COMMIS-
SIONERS, &c.
v.
SIVEY.

The clerk of the Circuit Court is not entitled to an allowance from the Board of Commissioners, for receiving and disbursing moneys on individual account; as upon judgments, or in the settlement of estates.

Nor is he entitled to compensation for indexing the books in his office.

APPEAL from the *Wabash* Circuit Court.

Friday, June 14.

HANNA, J.—The appellee, clerk, &c., filed a claim against the appellant, consisting of two items: first, for indexing the books of his office; second, two and one-half per cent. for receiving and disbursing moneys passing through his hands as such officer.

No statute is pointed out to us expressly, in terms, authorizing such charges against the public, through the appellants. As to the latter charge, we are clear that in the absence of such statute, moneys received and paid out by a clerk, upon individual account, as upon judgments, or in the settlement of estates, should not involve a charge against the county. If the people of *Marion* county are liable for a per centage upon all the moneys received and paid out, upon judgments recovered by non-residents of the county, against non-residents, in effect, that is, against corporations, it would, doubtless amount to a heavy burden, without, so far as we are able to perceive, any corresponding public interest in such acts.

The indexing is as much, perhaps more, for the interest of the custodian of the books, as it is for that of the public. He is allowed for making all complete records, and entering orders, judgments, &c., certain fixed fees. If a memorandum is necessary, to enable him readily to refer to such records or entries, it is but a part of, or an incident to, such former duty, and is not such extra service as should be charged to the public. It is not necessary, nor shall we attempt, in this case, to point out the several instances in which extra services should be allowed, nor to lay down any general rule upon the subject.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*D. D. Pratt*, for the appellant.